McGREGOR W. SCOTT
United States Attorney
LAURA D. WITHERS
KIRK E. SHERRIFF
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CYRUS DENNIS BRASWELL,<br><br>Defendant. | CASE NO. 1:18-CR-00034 DAD BAM<br><br>GOVERNMENT'S SENTENCING MEMORANDUM<br><br>DATE: May 20, 2019<br>TIME: 12:30 p.m.<br>COURT: Hon. Dale A. Drozd |

The government submits this sentencing memorandum in support of the Presentence Report (PSR) calculations as to the applicable sentencing guidelines and range. The PSR's guideline calculations are fully supported by the evidence and record in this case. The PSR correctly calculates defendant Cyrus Braswell's applicable offense level as 26 and his applicable sentencing guideline range as 78 to 97 months imprisonment. As set forth in the PSR, a base offense level of twelve (12) applies under USSG § 2A6.1 (PSR ¶ 41). The PSR also correctly finds that the following enhancements apply: a six (6) level increase under USSG § 2A6.1(b)(1) as the defendant's conduct evidenced an intent to carry out the threat (PSR ¶ 42), a two (2) level increase under USSG § 2A6.1(b)(2)(A) as the defendant's offense involved more than two threats (PSR ¶ 43), and a six (6) level increase under USSG § 3A1.2(b) as the victim, J.K.S., was a Senior United States District Judge and was therefore a government officer or employee, and the defendant's offense was motivated by the victim's status as a

federal officer. These enhancements are fully supported by applicable law and the facts in this case.

Defendant Cyrus Braswell was convicted at trial of three counts of mailing threatening communications, on October 27, 2015, December 15, 2015, and August 26, 2016, in violation of 18 U.S.C. § 876(c). Doc. 174 (verdict form). In these mailings the defendant repeatedly threatened to kill Senior United States District Judge J.K.S., who had sentenced him in his underlying case, and specifically noted the judge's residence address and that he intended to track the judge down at that address. As to all three counts, the jury specifically found that the threatening communications were addressed to both a United States judge and to an officer or employee of the United States, thereby triggering a maximum penalty of ten years in prison on each count. *Id.*; 18 U.S.C. § 876(c).

As the PSR notes, the defendant's intent to carry out the threats is confirmed by his having taken steps to obtain J.K.S.'s residence address, his repeated threats to kill J.K.S. and others as soon as he is released from custody, and his offer to pay money to others to kill J.K.S. PSR ¶ 42. Moreover, when an FBI agent interviewed the defendant on June 29, 2017, the defendant confirmed he intended to return to Alaska when he was released from prison and would kill J.K.S. PSR ¶ 27. The defendant also confirmed he would kill J.K.S. if the judge were sitting in front of him. *Id.* These facts strongly support the six-level increase under USSG § 2A6.1(b)(1) as found in the PSR.[1]

The defendant's utter lack of remorse and lack of respect for the judicial system, and his repeated expressions of his clear intent to kill, pose an ongoing threat to J.K.S. and others in Alaska, particularly once the defendant is ultimately released from prison, and warrant a substantial sentence in this case. As the PSR details, the mailings that are the subject of the counts of conviction were only three of many violent and threatening communications in which the defendant made clear his intention to kill J.K.S. and numerous other judges and individuals associated with his underlying prosecution and case.

The PSR recommends that the defendant be sentenced to the high end of the applicable guideline range, 97 months' imprisonment, followed by a three-year term of supervised release. The government believes that an upward departure or variance would be warranted based on the defendant's repeated and

---

[1] *See United States v. Spangle*, 281 Fed. App'x 693, 694 (9th Cir. 2008) (upholding six-level enhancement under § 2A6.1(b)(1) for prisoner convicted of mailing threatening communication in violation of 18 U.S.C. § 876(c), based on evidence of the defendant's intent to carry out the threat consisting of a list found in the defendant's cell and letters to the probation officer targeted in the list).

unequivocal statements of his intent to kill J.K.S. and others, and the substantial risk posed by the defendant's clear intent and lack of remorse.  The defendant's extensive and violent disciplinary record while in prison (*see* PSR at pp.17-20), which includes multiple assaults and other violent conduct, is not captured in the defendant's criminal history category (III) and provides additional support for an upward variance or departure in this case.  If a guideline sentence is to be imposed, the government agrees with the PSR that, at a minimum, a sentence of imprisonment at the high end of the applicable guideline range is warranted.

                                            Respectfully submitted,

Dated:  May 14, 2019                    McGREGOR W. SCOTT
                                            United States Attorney

                                  By:  /s/ Kirk E. Sherriff
                                        Kirk E. Sherriff
                                          Laura D. Withers
                                          Assistant United States Attorneys